

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small><br>**L<small>AW</small> D<small>EPARTMENT</small>**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **JEFFREY F. FRANK**<br>*Assistant Corporation Counsel*<br>Tel: (212) 356-3541<br>Cell: (929) 930-0780<br>jefrank@law.nyc.gov |

November 13, 2023

**VIA ECF**
Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Christopher Clark v. City of New York, et al.*, 22 Civ. 5647 (AKH)

> The Court does not accept letter motions per Individual Rule 2.B. Defendants may file a motion pursuant to Fed. R. Civ. P. 37 or Individual Rule 2.E.
>
> SO ORDERED
>
> /s/ Alvin K. Hellerstein
> U.S.D.J.
> November 14, 2023

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendant City of New York ("City") in the above-referenced matter. Defendant City writes to respectfully request that the Court issue an Order compelling plaintiff to produce responses to its First Set of Interrogatories and Requests for the Production of Documents to Plaintiff, served August 25, 2023 ("initial discovery requests").

**I.   Background**

      By way of background, on July 28, 2023, the parties appeared by telephone for an initial conference, where dates for the completion of discovery were ordered. ECF No. 35. Since then, defendant City has been pursuing discovery on plaintiff's allegations. Notwithstanding defendant City's efforts, the City has not received any communications at all from plaintiff's counsel.

      On July 27, 2023, defendant City served its initial disclosures. Plaintiff has neither served initial disclosures nor sought an extension of his August 9, 2023 deadline for doing so.[1] On August 25, 2023, defendant City served its initial discovery requests and a notice of deposition, scheduling plaintiff's deposition for October 26, 2023. Plaintiff's responses to the City's initial discovery requests were due by September 25, 2023—thirty (30) days after service. *See* Fed. R. Civ. P. 33(b)(2) & 34(b)(2)(A). As of this writing, plaintiff has failed to respond and has not sought an extension of time to do so.

---

[1] "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference . . . ." Fed. R. Civ. P. 26(a)(1)(C). The parties held a Rule 26(f) conference on July 26, 2023. Thus, initial disclosures were due August 9, 2023. Plaintiff did not serve any.

Moreover, on October 23, 2023, defendant City followed up via email and re-sent courtesy copies of its initial discovery requests and notice of deposition. The City requested that plaintiff serve his already untimely responses no later than November 3, 2023, to avoid the City filing a motion to compel. The City further noted that plaintiff's deposition was scheduled for October 26, 2023, and the parties had agreed to complete plaintiff's deposition by November 3, 2023. ECF No. 35 at 4. Because plaintiff had failed to provide discovery responses, however, the City explained that an adjournment of that deposition and an extension of the agreed-upon deadline were necessary. Specifically, the City explained it will require time to review plaintiff's responses and obtain additional documents with any releases provided prior to conducting plaintiff's deposition. Plaintiff's counsel did not respond to the City's October 23, 2023 email.

On November 6, 2023, defendant City again followed up via e-mail and re-sent courtesy copies of its initial discovery requests and notice of deposition. The City requested that plaintiff serve responses no later than November 10, 2023, reiterated that the City would move to compel, and again asked that plaintiff consent to extend the parties' agreed-upon deadline for completing plaintiff's deposition. Again, plaintiff's counsel did not respond.

## II. Relief Requested

Defendant City seeks an Order compelling plaintiff to respond to its initial discovery requests, served August 25, 2023, by a date certain. "A plaintiff has a general obligation to prosecute his case diligently . . . and, if he fails to do so, the Court may dismiss the action under Rule 41(b), for failure to prosecute." *Mercedes v. N.Y. Dep't of Corr.*, 12-CV-2293 (LTS) (DF), 2013 U.S. Dist. LEXIS 166619, at *3–4 (S.D.N.Y. May 24, 2013) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.3d 37, 43 (2d Cir. 1982)). Dismissal is warranted where, as in this case, a plaintiff fails to respond to defendants' discovery demands and fails to provide defendants with any discovery requests of his own. *See Rahim v. City of New York*, No. 11-CV-2924 (LTS) (HBP), 2015 U.S. Dist. LEXIS 43749, at *3–4 (S.D.N.Y. Apr. 2, 2015) (explaining that, alone, plaintiff's inactivity over a ten-month period was sufficient to warrant dismissal for failure to prosecute).

Here, plaintiff failed to respond to defendants' initial discovery requests, which are now a month and a half overdue. Nor has plaintiff served defendant with his initial disclosures as required by Rule 26; those disclosures are three months overdue. Therefore, defendant City respectfully requests that the Court issue an Order compelling plaintiff to provide complete responses to defendants' initial discovery requests within one (1) week, by November 20, 2023. Defendant City further requests that the Court warn plaintiff that his continued failure to provide discovery responses may result in dismissal of his case for failure to prosecute. Plaintiff has already had more than 11 weeks to respond to defendants' initial discovery requests, which the City has now served thrice on his counsel. As such, one (1) additional week to serve responses will provide plaintiff with ample time. A later deadline is not only unnecessary but also would encourage further delays in this matter, which has been pending since July 11, 2022. ECF No. 1. Following the Court's ruling on this request, defendant City will attempt to confer with plaintiff to determine whether the parties should propose a revised civil case management plan, in light of plaintiff's discovery delays.

Accordingly, defendant City respectfully requests that the Court issue an Order compelling plaintiff to respond to defendants' initial discovery requests by November 20, 2023, on pain of sanctions including dismissal of this case.

Defendant City thanks the Court for its consideration of this matter.

Respectfully submitted,

*/s/ Jeffrey Frank*

Jeffrey F. Frank
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:  **VIA ECF**
Masai I. Lord, Esq.
*Counsel for Plaintiff*
14 Wall Street, Suite 1603
New York, New York 10279